## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EUGENE K. MALLARD

                Plaintiff,

v.

LAURA HOWARD, Secretary
KDADS, *et al.*,

                Defendants.

Case No. 5:22-cv-04053-EFM-KGG

## JOINT ANSWER TO COMPLAINT

Defendants Laura Howard and Gabriel Rop (collectively "Defendants")
state, for their answer to the Complaint (Doc. 1):

### *First Defense*

1.      On September 19, 2008, the State petitioned for Plaintiff's civil
confinement under K.S.A. 59-29a01 *et seq.*, the Kansas Sexually Violent Predator
Act ("KSVPA"). Plaintiff met the legal criteria beyond a reasonable doubt for
commitment and treatment as a sexually violent predator. Accordingly, the
Secretary of the Department of Social and Rehabilitation Services placed Plaintiff
in the Sexual Predator Treatment Program ("SPTP") at Larned State Hospital in
Pawnee County in October, 2009. *See Mallard v. Bruffett*, 394 P.3d 156, 2017 WL
2021164 (Kan. App., *unpub.*, May 12, 2017). Plaintiff remains committed
pursuant to the KSVPA, as amended, and in the SPTP.

2.      The allegations contained in ¶¶ A1, A2 & A3 of the Complaint are admitted.

3.      Answering ¶ A4, it is admitted that the court has subject matter jurisdiction where Plaintiff possesses required standing, Plaintiff is not required to exhaust administrative remedies, and his claims are not moot, although the Court's jurisdiction is not under the statutes listed in the paragraph.

4.      Plaintiff has attempted to assert claims that his right to freedom of religion has or is being violated by the Defendants as summarized in ¶¶ B1 & C1A, but Defendants deny these claims and raise defenses that are noted below.

5.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in ¶¶ C1Bia, C1Bib, C1Bid, C1Big, C1Biia, C1Biib, C1Biic, C1Biie, C1Biih, C1Biii, C1Biiia, C1Biiib, C1Biiic, C1Biiie, C1Biiig, C1Biva, C1Bivb[1], C1Bivc, C1Bive, C1Bivf, C1Bva, C1Bvb, C1Bvc, C1Bve, C1Bvf, C1Bvia, C1Bvib, C1Bvid, C1Bvie, C1Bviia, C1Bviib, C1Bviid & C1Bviie.

6.      The allegations in the following paragraphs in the Complaint are denied: ¶¶ C1Bic, C1Bif, C1Biid, C1Biig, C1Biiid, C1Biiif, C1Bivd, C1Bivg, C1Bvd, C1Bvg, C1Bvic, C1Bvif, C1Bviic & C1Bviif.

7.      Answering ¶¶ C1Bie & C1Biif, smudging with fire was prohibited in the past during county-wide burn bans, but otherwise the allegations in the paragraphs are denied or are irrelevant.

---

[1] However, the Plaintiff's position that the Sacred Pipe should not be handled by persons who are not adherents to "Native American" faith, with limited exception, has been followed at Parson's State Hospital's SPTP.

8.      On information and belief, the allegation in ¶ C1D1 is admitted. Further, regarding ¶ C1D2, it is agreed that exhaustion of administrative remedies in not required for 42 U.S.C. § 1983 and federal statutory religious freedom and exercise claims, but Plaintiff has failed to exhaust available administrative remedies regarding the alleged pendent state-law claim under K.S.A. 60-5301 *et seq.*

9.      Responsive pleading is not required to Plaintiff's "Request for Relief." However, Defendants deny that Plaintiff is entitled to the relief demanded.

10.     All allegations in the Complaint are denied unless expressly admitted above.

### *Second Defense*

11.     Plaintiff has failed to state a claim upon which relief can be granted in whole or in part.

### *Third Defense*

12.     The Court lacks subject matter jurisdiction in whole or in part. And, some of Plaintiffs' claims are moot. Moreover, Plaintiff has failed to exhaust available administrative remedies concerning his state-law claim.

### *Fourth Defense*

13.     Plaintiff's exercise of religion was not and is not substantially burdened; but any burden did and does not occur from any Defendant's discriminatory purpose and, instead, arose from legitimate penological interests

3

and/or compelling governmental interests in maintaining order and inmate and staff safety.

### Fifth Defense

14.     The Kansas preservation of religious freedom act does not apply to Plaintiff's claims pursuant to K.S.A. § 60-5305(c).

### Sixth Defense

15.     The Eleventh Amendment immunity limits Plaintiff's claimed relief to declaratory judgment and/or injunction regarding current or future conduct.

### Seventh Defense

16.     Alternatively, the applicable statute of limitations bars some or all of Plaintiff's claims.

### Eighth Defense

17.     Alternatively, while Plaintiff does not seek monetary damages again Defendants in either their official or personal capacities, such a claim would be barred by qualified immunity, Eleventh Amendment immunity, good faith immunity and/or governmental immunity (K.S.A. § 75-6104) regarding the state-law claim.

Therefore, Defendants request that the Court enter judgment in their favor denying Plaintiff the relief he seeks, and for such other relief as the Court deems just and proper.

Respectfully submitted,

OFFICE OF KANSAS ATTORNEY
GENERAL DEREK SCHMIDT

/s/ Arthur S. Chalmers
Arthur S. Chalmers, KS No. 11088
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone: (785) 368-6244
FAX: (785) 291-3767
Email: art.chalmers@ag.ks.gov

and

Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone: (785) 296-2215
FAX: (785) 291-3767
Email: matt.shoger@ag.ks.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2022, the foregoing

document was electronically filed with the clerk of the court using the CM/ECF

system, with a copy served by means of first-class mail, postage prepaid,

addressed to:

Eugene K. Mallard
1301 KS Highway 264
Larned, KS 67550-5353
*Plaintiff, pro se*

/s/ Arthur S. Chalmers