UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EUGENE K. MALLARD,

    Plaintiff,

v.

LAURA HOWARD, *Secretary, KDADS, in her official and individual capacities*, and GABRIEL ROP, *ADP SPTP, in his official and individual capacities*,

    Defendants.

Case No. 5:22-cv-04053-EFM-KGG

## SCHEDULING ORDER

On January 17, 2023, U.S. Magistrate Judge Kenneth G. Gale conducted a telephonic scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Eugene K. Mallard appeared pro se. Defendants Laura Howard and Gabriel Rop appeared through counsel Arthur Chambers.[1] After consultation with the parties, the Court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
| --- | --- |
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to the Court | **N/A** |

---

[1] As used in this scheduling order, the term "Plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "Defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| | |
|---|---|
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | N/A |
| Plaintiff's settlement proposal | **February 3, 2023** |
| Defendants' settlement counter-proposal | **February 24, 2023** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **March 10, 2023** |
| Comparative fault identification | N/A |
| Motions to amend | **March 3, 2023** |
| Mediation completed | N/A |
| Experts disclosed | N/A |
| Physical and mental examinations | N/A |
| Rebuttal experts disclosed | N/A |
| Supplementation of initial disclosures | N/A |
| All discovery completed | **May 31, 2023** |
| Proposed pretrial order due | **June 14, 2023** |
| Pretrial conference | **June 28, 2023 at 2:00 p.m.** |
| Potentially dispositive motions (*e.g.*, summary judgment) | **July 28, 2023** |
| Motions challenging admissibility of expert testimony | N/A |
| Trial — ETT 2-3 days | **T/B/D** |

1.   **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the Court determined that settlement potentially would be enhanced by early mediation. Toward that end, Plaintiff must submit a good-faith settlement proposal to Defendants by **February 3, 2023**. Defendants must make a good-faith counter-proposal by **February 24, 2023**. By **March**

2

**10, 2023**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by mail[2] or e-mail to the undersigned United States Magistrate Judge at *ksd_gale_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, *e.g.*, arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the Court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. The Court will decide whether to require the parties to participate in mediation (or another ADR process) after receiving their confidential settlement reports. Defense counsel must

---

[2]The confidential settlement reports may be mailed to the following address:
    Judge Gale's Chambers
    403 US Courthouse
    401 N. Market Street
    Wichita, KS 67202

file an ADR report within 14 days after any scheduled ADR process, using the form on the Court's website: *http://www.ksd.uscourts.gov/adr-report/*.

2. **Discovery.**

    **a.** The parties are exempt from Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv).

    **b.** All discovery must be commenced or served in time to be completed by **May 31, 2023**.

    **c.** The parties agree that principles of comparative fault do not apply.

    **d.** The parties have stipulated that no expert testimony will be used.

    **e.** The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

    **f.** The Court considered the following discovery problem(s) raised by one or more of the parties: <u>None</u>.

    **g.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection based on attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 14 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the

information or document by the other party prior to such later designation will not be deemed a violation of this Order. Although the provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order limits a party's right to review of documents, including ESI, for relevance, responsiveness, or segregation of privileged or protected information before production.

**h.** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the Court adopts as its order the following procedures agreed to by the parties and counsel: <u>None</u>.

**i.** No party may serve more than **30** interrogatories, including all discrete subparts, on any other party.

**j.** No more than **2** depositions may be taken by Plaintiff, and no more than **2** depositions may be taken by all Defendants. Each deposition must be limited to **4** hours. All depositions will be governed by the written guidelines on the Court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**k.** The parties do not consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**l.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the Court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or

both" if the certification violates Rule 26(g) (*e.g.*, overbroad discovery requests, boilerplate objections, *etc.*) without substantial justification.

**3.     Motions**

    **a.**     Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **March 3, 2023**.

    **b.**     All potentially dispositive motions (*e.g.*, motions for summary judgment), must be filed by **July 28, 2023**.  The Court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

    **c.**     Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, *i.e.*, summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.  Further, the Court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.  The parties should follow the summary-judgment guidelines available on the Court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

    **d.**     Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the Court to arrange a telephone conference with the judge and opposing counsel.  The email request, preferably in a joint submission, must include a brief, nonargumentative statement

of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone.  The Court will typically grant the request and contact the parties to arrange the conference within a few days.  The Court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  <u>Unless otherwise requested by the Court, no disputed discovery-related motion, material, or argument should be filed or submitted prior to this telephone conference.  *See* D. Kan. Rule 37.1(a).</u>

  **e.**  To avoid unnecessary motions, the Court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.**  **Pretrial Conference, Trial, and Other Matters.**

  **a.**  Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **June 28, 2023, at 2:00 p.m.** by telephone (888-363-4749; access code 5407703).  The judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **June 14, 2023**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the Court's website:

    *http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**b.** The parties expect the non-jury trial of this case to take approximately **2-3** trial days in Topeka, Kansas. The Court will subsequently set this case for trial.

**c.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the Court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**d.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated January 17, 2023, at Wichita, Kansas.

/s KENNETH G. GALE
Kenneth G. Gale
U.S. Magistrate Judge