Eugene K Mallard
1301 K264 HWY
Larned Kansas 67550

Telephone:   (620) 285-4660 ext. 4

FILED
U.S. District Court
District of Kansas

JUN 8 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Eugene K. Mallard**. Plaintiff<br><br>v.<br><br>**Laura Howard,** Secretary KDADS,<br>et al.,<br>        Defendants. | Case No.   5:22-cv-04053-EFM-KGG<br><br><br>**MOTION**<br>Appointment of Counsel |

### MOTION FOR APPOINTMENT OF COUNSEL
### AND DECLARATION OF GOOD FAITH EFFORTS TO OBTAIN COUNSEL

I, Eugene K. Mallard, ask the court to appoint counsel, i.e. an attorney to represent me in this case. I understand that any false statements in this motion will subject me to penalties of perjury.

I understand that in civil cases, there is no constitutional right to an appointed attorney. While the court _may_ appoint an attorney to represent me, it does so only in rare cases. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). I understand that if the court does not appoint an attorney, I must be prepared to represent myself going forward in this case.

I understand that in deciding whether to appoint and attorney, the court will consider a variety of factors, including but not limited to the following: (1) the merits of my claim; (2) the nature and complexity of factual and legal issues raised in the claims; (3) my ability to present

the claims; (4) my financial ability to pay an attorney; and (5) my diligence in attempting to secure an attorney.

I understand that with regard to the fifth factor, I must show that I have made a reasonably diligent effort under the circumstances to obtain an attorney to represent me. I understand that the court's Pro Se Guide (pages 26-27) suggests possible ways to find an attorney and/or obtain legal advice, however, that is useless to me as it only lists telephone numbers or websites that I cannot access as discussed later in this document.

I understand that the court typically requires that before seeking an appointed attorney, a Plaintiff confer with (not merely contact) at least five attorneys regarding legal representation. This is a matter that as discussed below is an ability I do not have and was not able to accomplish this.

I understand that I am required to establish that I am financially unable to retain my own attorney.

I have already completed and filed an Affidavit of Financial Status.

    Yes ■      No ☐

In addition to the foregoing, I believe that the court should consider the following additional information concerning my inability to confer with attorneys or to represent myself in this case.

The issues of this case involve setting and establishing the rights of a civilly confined individual under the Kansas Sexually Violent Predator civil confinement scheme concerning what their religious rights are, most specifically for a Native American. A matter which has to Plaintiff's knowledge never been reviewed or decided by any Court of Federal Jurisdiction.

Such an issue would be novel and any decision by the Court would be used against all religions in the facility. To put this burden on an untrained person in the law, would be prejudicial and unfair to the Plaintiff and all those similarly confined.

The facility Mr. Mallard is in precludes him from having an adequate law library or access to that which is necessary for him to properly execute this case in a manner that is fair to him and not tipped to the advantage of the State of Kansas. Specifically:

    a. The facility provides the law library on a resident computer. The law library is an extension of the neutered/modified version of Lexis Nexis that the Department of Corrections has in Kansas.

    b. Concerning the Lexis Nexis version it is modified as the Department of Corrections has access to the internet and book versions. This means it does not include:

        i. Attorney lookup – The ability to search for and find addresses and telephone numbers for attorneys.

        ii. Court Forms – There are no forms available on the Lexis to assist me in what needs or how to prepare them.

        iii. Self-Help – Guides as to how to do legal work, prepare legal work, or how to work with the Court.

The Lexis Nexis is on the computer and the facility provides no training in how to use it, access it, or plainly how to use the computer in general. Even in light of the fact that residents constantly ask for this training the facility refuses and instead gives the excuse of lack of staff, lack of space, etc. as to why it is not provided.

The facility has a restriction limiting each resident to one (1) hour per day of computer use. This thereby eliminates one the ability to sit there and try to learn the system or to accomplish any meaningful legal work.

The facility only allows for the computers to be available from the hours of 0645 to 2245 hours each day. This is further limited in that: (1) An emergency count can be called at any time, which reduces the hours; and (2) There are two (2) computers on each unit and no less than thirty residents per unit. This means the maximum time one could reasonably expect is an hour each day.

The limit in time has precluded the Plaintiff from completing and submitting discovery in this case, as he is still trying to learn how. He has limited time to access the rules of the Court and no forms or examples to go off of. Thus, it is taking an exorbitant amount of time to even do this and said deadline by the Court has passed. The inadequate law library is causing him harm as set by what is occurring in this case.

In addition the facility does not provide Mr. Mallard access to one trained in the law to assist him. This includes access to a paralegal to assist in the development of forms and other things.

Recently, the facil.ity began recording all incoming and outgoing telephone calls that Mr. Mallard makes or receives. This prevents attorneys from wanting to speak to him. In addition Mr. Mallard has no internet or electronic mail access, though his criminal counterparts do.

The telephone system also precludes Mr. Mallard from calling any toll-free numbers, any number answered by anything other than a live person, and costs an exorbitant amount that he cannot afford as an indigent person.

Mr. Mallard is precluded from contacting attorneys by the Defendant(s) in more ways than one. Most especially because he has no way to even locate addresses of attorneys to write to.

It is for the reasons in this document that Mr. Mallard requests to be excused from the requirement to contact attorneys prior to and that the Court appoint him counsel to represent him in this suit.

Pursuant to 28 U. S. C. § 1746, I declare under penalty of perjury that the following is true and correct.

**Executed on June 5, 2023**

Eugene K Mallard
1301 Ks. Hwy 264
Larned, Ks. 67550
620-285-4660 Ext. 4

## CERTIFICATE OF SERVICE

**Eugene K Mallard** hereby declares that on the **6th** day of **March**, 2023, he placed a true and correct copy of the above and foregoing in the facility mail system to be given to the United States Postal Service for delivery. Each envelope was properly addressed with appropriate postage affixed and **was** addressed to:

Clerk of the Court
403 US Courthouse
401 N. Market Street
Wichita, KS. 67202

Arthur Chalmers, #11088
Assistant Attorney General
Attorney for Defendants
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612
Tel: (785) 368-5244 | Fax: (785) 291-3767
Email: art.chalmers@ag.ks.gov

Eugene Mallard
Plaintiff, *Pro Se*
1301 K264 HWY
Larned Kansas 67550-5353