# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EUGENE K. MALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case. No. 22-4053-EFM-KGG |
| ) | |
| LAURA HOWARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Defendants Laura Howard and Gabriel Rop ("Defendants"), submit this response, through Assistant Attorney General Matthew L. Shoger, to Plaintiff Eugene K. Mallard's Motion For Appointment of Counsel (Doc. 17). On June 28, 2023, the Court ordered Defendants to "address Plaintiff's contentions of inadequate access to legal materials, a law library, legal research, etc." (Doc. 19.) Defendants take no position regarding Mallard's request for appointment of counsel but here address concerns regarding inadequate access to legal resources.

Although confined individuals have a constitutional right of access to the courts, they do not have "an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).[1] Rather, to establish a violation of the individual's right of access to the courts, the individual "must . . . demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (Presumably a present hindrance would also be sufficient.)

This requirement is because an actual injury must be shown to establish the standing

---

[1] *Lewis* overruled a prior case, *Bounds v. Smith*, 430 U.S. 817 (1977), and clarified the right of access to the courts.

necessary to invoke federal jurisdiction under Article III's case-or-controversy requirement in the U.S. Constitution. *Lewis*, 518 U.S. at 349; *Denver Bible Church v. Polis*, No. 20-1391, 2022 WL 200661, at *10 (10th Cir. Jan. 24, 2022) (citing various Supreme Court and Tenth Circuit cases); *see also* U.S. Const. art. III, § 2, cl. 1. To establish a violation of a confined individual's right of access to the courts, the individual must plausibly allege: (1) a deficiency in the legal resources available, (2) that the underlying claim is not frivolous, and (3) that the deficiency materially impacted (or is impacting) the underlying claim. *See Lewis*, 518 U.S. at 351-53 (saying a confined individual must demonstrate not only that the "law library or legal assistance program is subpar in some theoretical sense" but "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim" that is "nonfrivolous"), 356 (describing the constitutional requirement as "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement"). All three are necessary for constitutional standing and therefore for subject-matter jurisdiction. *See Polis*, 2022 WL 200661, at *10 (saying standing is necessary to invoke federal jurisdiction).

In the absence of a constitutional violation, courts defer to the judgment of state executive officials regarding how to provide access to legal resources. *Id.* at 356, 361-63. Courts even defer to the judgment of state executive officials with regard to how to best remedy any constitutional violations found. *Id.* at 362-63.

Living units in the Sexual Predator Treatment Program (SPTP) at Larned State Hospital (LSH) have up to thirty residents and two computers. (Exhibit A at ¶ 4.) Residents can access LexisNexis through those computers. (Exhibit A at ¶ 2.) Exhibit A includes screenshots of LexisNexis as it appears when accessed by SPTP residents that show the types of content

2

available to residents through LexisNexis. (Exhibit A at ¶ 3, pgs. 3-4.) Although Mallard suggests that it lacks "[t]he ability to search for and find addresses and telephone numbers for attorneys" (Doc. 17 at 3), that is not a feature of LexisNexis to the undersigned's knowledge. The undersigned was able to find analytics on LexisNexis regarding case data for attorneys but LexisNexis does not provide addresses and telephone numbers for attorneys. Mallard suggests that it lacks "Court Forms" (Doc. 17 at 3), but the available resources include "Bender's Federal Practice Forms" (Exhibit A at 4). Mallard also suggests that it lacks "[g]uides as to how to do legal work, prepare legal work, or how to work with the Court" (Doc. 17 at 3), but the available resources include the guidance included in "Bender's Federal Practice Forms" along with helpful guides like "Constitutional Rights of Prisoners, Ninth Edition" and "Moore's Federal Practice" (Exhibit A at 4). Mallard also cites to this Court's "Pro Se Guide," showing he has access to the guidance in that resource as well (Doc. 17 at 2.)

      Residents must sign a Computer Use Agreement to use the computers. (Exhibit A at ¶ 5.) SPTP staff explains the Computer Use Agreement to residents and answers questions about it from residents. (Exhibit A at ¶ 6.) Mallard signed a Computer Use Agreement on April 1, 2021. (Exhibit A at ¶ 7, pg. 5.) Residents who have signed a Computer Use Agreement have access to the computer for 1 hour minimum each day. (Exhibit A at ¶ 8.) That results in seven hours per week, which according to Tenth Circuit precedent is constitutionally adequate. *See White v. Gregory*, 87 F.3d 429, 430 (10th Cir. 1996) (two hours per week not a constitutional violation).

      Residents also have available ways to request additional time. Residents who do not need the allotted computer time each day are free to give their computer time to other residents who want more than the allotted 1 hour each day. (Exhibit A at ¶ 9.) So a resident could coordinate with other residents to use some of their computer time. If that is unsuccessful, a resident can

3

also fill out a Resident Request Form to the Administrative Program Director, requesting that SPTP staff coordinate additional computer time. (Exhibit A at ¶ 10.) But Mallard has not submitted any Resident Request Forms requesting additional computer time. (Exhibit A at ¶ 11.)

Mallard complains that training is not provided, but considering his typed legal documents and legal citations (*see, e.g.*, Doc. 1 at 2-3, 11; Doc. 17 at 1), either he has sufficient knowledge of how to use a computer and how to cite to legal authority or he receives adequate assistance from other residents. With regard to technical training on how to do legal research, "the Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts." *Lewis*, 518 U.S. at 360. And Mallard has demonstrated sufficient ability to present his grievances to the courts.

Therefore, Mallard has failed to demonstrate an injury under the standard in *Lewis* regarding access to legal resources. *See Merryfield v. Kansas*, No. 09-3140, 2009 WL 3125470, at *5 to *6 (D. Kan. Sept. 25, 2009) (holding an allegation by an SPTP resident that he was limited to 3.75 hours of library or computer time per week and not provided with a trained legal assistant failed under the standard in *Lewis* because he failed to "allege facts showing any particular case was dismissed or hindered because he did not have sufficient access to specific materials"); *Burch v. Jordan*, No. 07-3236-JAR, 2010 WL 5391569, at *20 (D. Kan. Dec. 22, 2010) (holding an allegation by an SPTP resident failed under the standard in *Lewis* because "the Complaint fails to allege that plaintiff has suffered some actual injury or prejudice" when he alleged that he had limited legal resources, including LexisNexis, "no trained librarian or staff person available to help research, answer questions, or verify the availability of resources, no reference materials or updating services," and that he could not check out materials).

Defendants plan to file a supplemental brief regarding Mallard's telephone and internet access by Monday, July 17, 2023.

                                          Respectfully submitted,

                                          OFFICE OF ATTORNEY GENERAL
                                          KRIS W. KOBACH

                                          */s/ Matthew L. Shoger*
                                          Matthew L. Shoger, KS No. 28151
                                          Assistant Attorney General
                                          120 SW 10th Avenue, 2nd Floor
                                          Topeka, Kansas 66612-1597
                                          matt.shoger@ag.ks.gov
                                          (785) 296-2215
                                          Fax: (785) 291-3767
                                          *Attorney for the KDOC Defendants*

**CERTIFICATE OF SERVICE**

        I hereby certify that on this 12th day of July, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served by means of first-class mail on July 13, 2023, postage prepaid, addressed to:

Eugene K. Mallard
1301 KS Highway 264
Larned, KS 67550-5353
*Plaintiff, pro se*

                                                  */s/ Matthew L. Shoger*
                                                  Matthew L. Shoger
                                                  Assistant Attorney General