**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

EUGENE K. MALLARD                          )
                                                              )
                              Plaintiff,          )
                                                              )
          vs.                                              )          Case No. 5:22-cv-04053-EFM-KGG
                                                              )
LAURA HOWARD, *et al.*,                   )
                                                              )
                              Defendants.      )
_____)_____

**MEMORANDUM & ORDER DENYING
MOTION FOR APPOINTMENT OF COUNSEL**

The Plaintiff, Eugene Mallard, filed a "Motion to Appoint Counsel" (Doc. 17) on June 8, 2023. The Court discussed the motion during the Pretrial Conference and ordered the Defendants to respond to the allegations that he has inadequate access to legal materials. The dispositive motion deadline is suspended, and the filing of the pretrial order is delayed pending a ruling on the present motion. After reviewing the briefing and considering the parties' arguments, the Court **DENIES** Plaintiff's motion.

The Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

1

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, the Court has no reason to doubt his inability to afford counsel and notes that Plaintiff was previously given leave to proceed *in forma pauperis*. (Doc. 4). The second factor relates to the Plaintiff's diligence in searching for counsel. The Plaintiff did not list any attorneys he has contacted. In his motion, Plaintiff states that numerous restrictions have been placed due to him being civilly confined under the Kansas Sexually Violent Predator Act. As such, he claims is unable to meaningfully search for an attorney and has increased difficulty in contacting attorneys. Given the circumstances of his confinement, the Court will not weigh this factor against him.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. Plaintiff brings several constitutional claims alleging he is restricted from practicing his religion. The Court has reviewed the

2

complaint and concludes that the Plaintiff may have a colorable claim. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422. The core of Plaintiff's argument is that due to the conditions of his confinement, he is unable to adequately prepare his case. He notes that his time on the computer is limited, which diminishes his ability to conduct legal research. He also states that he does not have access to an adequate law library. Defendants responded to these allegations. (Docs. 20, 21). Defendants provide that Plaintiff is able to access LexisNexis through 30 possible computers. Residents who sign a Computer Use Agreement are afforded at least one hour each day to conduct research. Mr. Mallard has signed a Computer Use Agreement. In addition to LexisNexis, the Plaintiff also has access to a word processing software. The Court is satisfied that the Plaintiff's access to legal materials is constitutionally sufficient.

While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney and is civilly confined under the Kansas Sexually Violent Predator Act, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 17) is **DENIED**.

With this ruling, the Court is now prepared to set a dispositive motion deadline. The Court sets the dispositive motion deadline to **September 1, 2023.** The Court will subsequently file the Pretrial Order consistent with what was discussed during the pretrial conference.

3

**SO ORDERED.**

Dated at Wichita, Kansas, on this 25th day of July 2023.

/s Kenneth G. Gale
Kenneth G. Gale
United States Magistrate Judge

4